326 P.2d 1024

Samuel R. THURMAN, Plaintiff and Appellant,

v.

Eldon Edward PARTRIDGE, Defendant and Respondent.

No. 8807.

Supreme Court of Utah.

June 30, 1958.

10

Warren M. O'Gara, Salt Lake City, for appellant.

Lawrence L. Summerhays, Rich & Strong, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a no cause of action judgment in an intersection automobile collision case. Affirmed, with costs to defendant.

■ At about noon, in February, when the streets were laden with 6″ of snow and were extremely slippery, plaintiff, travelling at 20–25 m.p.h., drove north on a 35′ blacktop street (Major Street), approaching Cleveland Avenue, a 21′ blacktop intersecting street. Plaintiff stated that at a point 30′ south of Cleveland Avenue he saw defendant 50′ east of the intersection. The next time plaintiff looked, defendant was about to enter the intersection.. A "Yield-Right-of-Way" sign faced defendant as he approached. When the vehicles were about to or were entering the intersection, the drivers apparently sensed an impending collision, since plaintiff attempted to speed up, but was helpless on account of the slippery condition of the street, resulting in his wheels spinning without traction, and defendant attempted to slow down by applying his brakes, being helpless also for the same reason, resulting in his sliding into the plaintiff's car. An added effort by defendant to avoid the collision by swerving to the right, proved ineffectual.

Under the circumstances we cannot conclude that as a matter of law the defendant's negligence was the sole proximate cause of this collision or that either of the parties was so free from fault as to conclude that the other's negligence was the sole proximate cause of this accident. Hence we cannot say that the trial court erred in finding both of the drivers negligent, nor can we say that there was not any competent substantial evidence to support its findings and conclusions, as plaintiff urges on appeal.

■ One other error assigned having to do with the court's viewing the scene after

the case was submitted, and while on his way to court, appears without merit, particularly since the record indicates that the trial court was familiar with the intersection and had gone through it many times on his way to court, and there being nothing to indicate that his viewing the same influenced him one way or the other, in favor of or against either of the litigants.

McDONOUGH, C. J., and CROCKETT, WADE and WORTHEN, JJ., concur.